**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DR. EARL JOE NELSON,**
  *Plaintiff*,

  **v.**             **CIVIL ACTION NO.** <u> 4:23CV23-MPM-DAS </u>

**CLARKSDALE MUNICIPAL PUBLIC
SCHOOL DISTRICT,**
  *Defendant*.

## COMPLAINT

  **COMES NOW**, Plaintiff, **DR. EARL JOE NELSON** (hereinafter "Dr. Nelson" or "Plaintiff"), by and through the undersigned counsel, to file this, his **COMPLAINT**, and in support thereof, Plaintiff would show unto the Court the following:

## INTRODUCTION

  1.  Dr. Nelson seeks declaratory relief and compensatory damages from Defendant Clarksdale Municipal School District ("Defendant," "the District" or "the Board") to redress the deprivations of his rights resulting from the wrongful termination of his employment as Superintendent of Clarksdale Municipal School District on May 6, 2022, without notice and the opportunity for a pre-termination hearing, in violation of his procedural and substantive due process rights under the 14th Amendment to the United States Constitution, 42 U.S.C. §1983, Art. 3, §14 of the Mississippi Constitution, and the laws of the State of Mississippi.

## JURISDICTION AND VENUE

  2.  This is an action for declaratory relief and damages pursuant to 42 U.S.C. §1983 based upon a violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C §1331 and 1343 based on 42 U.S.C. §1983

**ORIGINAL COMPLAINT**     1

and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §2201(a) and 2202.

3. This Court has jurisdiction over state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this Court under either § 1391(b)(1) or (b)(3) and its sister subsections (c)(1) and (c)(2), respectively; because the District is located in the State of Mississippi, and the locus of contacts occurred within this State, the Court has personal jurisdiction over the District.

**PARTIES**

5. Plaintiff, Dr. Earl Joe Nelson, is an adult citizen who resides within the Greenville Division of the United States District Court for the Northern District of Mississippi. He is a former employee of the Clarksdale Public School District, where he served as Superintendent until his termination.

6. Defendant, Clarksdale Public School District, is a political subdivision of the State of Mississippi, and a local educational agency. The District is located within Coahoma County County, Mississippi, operating wholly within the United States District Court for the Northern District of Mississippi, Greenville Division. It may be served with process through its Superintendent, Dr. Toya Harrell-Matthews, at 526 South Choctaw Street, Clarksdale, Mississippi 38614.

**FACTS**

7. Plaintiff was hired as the Superintendent of Clarksdale Municipal Public School District in July 2019. His contract was renewed again for another three (3) years to extend to June 2025 in March of 2021. The renewal contract is attached as **Exhibit A** and is incorporated herein by reference.

**ORIGINAL COMPLAINT**    **2**

8.      On May 6, 2022, the Board of Trustees of Clarksdale Municipal School District (hereinafter "School Board" or the "Board") wrongfully terminated Plaintiff as Superintendent of Clarksdale Municipal School District. This decision was erroneously made following the renewal of his contract for another three years in March of 2021. *See* **Exhibit B**, May 6, 2022, Letter re: Notice of Termination, which is incorporated herein by reference. It is undisputed that Plaintiff was not provided a pre-termination hearing before the Board rendered its decision to terminate him.

9.      On August 18, 2022, Dr. Nelson had his hearing before the School Board. However, the hearing was not formalized as required by statute, as no evidence was exchanged, or witnesses presented. Dr. Nelson received notice of the Board's decision to uphold the May 6, 2022, decision to terminate him as Superintendent of Clarksdale Municipal School District via a letter sent by email on August 18, 2022. *See* **Exhibit C**, August 18, 2022 Board Letter.

## CLAIMS

I.   **The Board's decision to terminate Dr. Nelson's contract violated his 14th Amendment Substantive and Procedural Due Process rights pursuant to § 1983.**

10.     "To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)); *Greene v. Greenwood Pub. Sch. Dist.,* 890 F.3d 240, 242 (5th Cir. 2018).

11.     It is undisputed that Plaintiff has a property interest in his contract with Clarksdale Public School District through June 30, 2024, and that the termination of said property interest was arbitrary and capricious in violation of the Due Process Clauses of 14th Amendment to the United States Constitution and Art. 3, §14 to the Mississippi Constitution.

**ORIGINAL COMPLAINT**                    **3**

12.     Specifically, the Board's actions violated his due process rights by failing to provide Plaintiff a pre-termination hearing where he could present a defense to the Board before he was terminated. Due process in the context of public employment requires that the employee facing termination must be given "notice and an opportunity to respond" *before* the termination takes effect. *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (citations omitted). Here, it is undisputed that Plaintiff was not provided a hearing before the Board rendered its decision to terminate him on May 6, 2022. Further, the Board acted under the color of state law in making these decisions.

13.     Pursuant to 42 U.S.C. § 1983, the Board's unlawful actions entitle Plaintiff to all damages and other relief against them.

**II.     The Board's decision to terminate Dr. Nelson's contract violated his due process rights under the Mississippi Constitution.**

14.     The facts and allegations contained in the previous paragraphs are incorporated herein just as if set out fully herein.

15.     Art. 3, §14 to the Mississippi Constitution provides that "no person shall be deprived of life, liberty, or property except by due process of law."

16.     It is undisputed that Plaintiff has a property interest in his contract with Clarksdale Public School District through June 30, 2024, and that the termination of said property interest was arbitrary and capricious in violation of the Due Process Clauses of 14th Amendment to the United States Constitution and Art. 3, §14 to the Mississippi Constitution.

17.     The Board's actions further violated his state constitutional due process rights by failing to provide Plaintiff a pre-termination hearing where he could present a defense to the Board before he was terminated. The Board acted under the color of state law in making these decisions.

**ORIGINAL COMPLAINT**                    4

18.     The Board's unlawful actions entitle Plaintiff to all damages and other relief against them.

## III.    The Board's post-termination hearing and interpretation of state law do not remedy its violation of Dr. Nelson's due process rights for failure to provide a pre-termination hearing.

19.     The facts and allegations contained in the previous paragraphs are incorporated herein just as if set out fully herein.

20.     The Board held a post-termination hearing for Plaintiff on August 18, 2022, three months after notice of his termination as Superintendent. There was no exchange of evidence or witnesses before the hearing. And witnesses were not allowed to be called at the hearing.

21.     The post-termination hearing does not cure the due process violation. The Fourteenth Amendment entitled him to a hearing *before* he was terminated, therefore, "post-deprivation remedies do not affect his entitlement to pre-deprivation process." *Chiles v. Morgan*, 53 F.3d 1281, 1995 WL 295931, at *1–2 (5th Cir. 1995); *accord Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 936 (8th Cir. 2012) ("[I]t is not necessary for a litigant to have exhausted available *post-deprivation* remedies when the litigant contends that he was entitled to pre-deprivation process." (*quoting Keating v. Neb. Pub. Power Dist.*, 562 F.3d 923, 929 (8th Cir. 2009))); *Alvin v. Suzuki*, 227 F.3d 107, 120 (3d Cir. 2000) ("[I]f the Constitution requires pre-termination procedures, [even] the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures.").

22.     Most importantly, the School Board's interpretation of any state laws, specifically Mississippi Code § 37-9-59, does not apply to this case and cannot be used to impose on Plaintiff's constitutionally protected rights. *See Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 244 (5th Cir. 2018). Miss Code Ann. § 37-9-59 states:

**ORIGINAL COMPLAINT**                    **5**

a school superintendent whose employment has been terminated [for cause, as specified elsewhere in the section,] shall not have the right to request a hearing before the school board or a hearing officer.

The Board wrongfully attempted to use this portion of the statute to deny Dr. Nelson his constitutional rights to a pre-termination hearing. The United States Court of Appeals for the Fifth Circuit, however, rejects this interpretation of the statute, ruling that a state law that is inconsistent with the Fourteenth Amendment will not preclude the plaintiff's right to due process of law concerning his employment. *Greene*, supra, at 244. Further, Defendant conveniently disregarded relevant sections of the statute that it claims to support its position, which says, in part:

For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any licensed employee in any school district. Before being so dismissed or suspended any licensed employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges.

Miss. Code. Ann. § 37-9-59.

23.    After Dr. Nelson's dismissal, the Board was required to provide evidence of the allegations on which the dismissal was based, in addition to notifying him and allowing him an opportunity to defend himself in a hearing before being terminated. *Greene*, supra, at 244. The Board failed to provide a formalized, pre-termination hearing, which included an exchange of documentary evidence as well as examination and cross-examination of witnesses. Therefore, the Board's termination decision is unlawful and should be reversed.

24.    The Board's unlawful actions entitle Plaintiff to all damages and other relief against him.

**IV.    Plaintiff's termination breached his renewal contract with the School District.**

25.    The facts and allegations contained in the previous paragraphs are incorporated herein just as if set out fully herein.

**ORIGINAL COMPLAINT**                    **6**

26.    Dr. Nelson had a contract with the Clarksdale Public School District through June 30, 2024.

27.    The School District violated that contract when it dismissed Dr. Nelson without affording him his pre-deprivation due process rights and for doing so in an arbitrary and capricious manner in violation of his substantive due process rights. "Every educator's contract has a provision in it which provides: "This contract shall be subject to all applicable policies, resolutions, rules and regulations of the employer, the Mississippi Educator Code of Ethics and Standard of Conduct adopted by the state Board of Education and the laws of the State of Mississippi." Miss. Dept. Of Education Regulations, CMSR07-000-003, Chap. 24, Rule 24.1.

28.    Thus, to the extent Defendant violated rights afforded by the 14th Amendment and Mississippi statutory laws, it also violated the contract between the parties. To the extent these rights are mandatory by the District, they must also become part of the rights protected by the Due Process Clause of the 14th Amendment.

**V.    The District breached the covenant of good faith and fair dealing.**

29.    The facts and allegations contained in the previous paragraphs are incorporated herein just as if set out fully herein.

30.    Every contract in Mississippi includes, as a matter of common law, a covenant of good faith and fair dealing.

31.    The District violated the covenant of good faith and fair dealing by terminating Dr. Nelson without first affording him protections by the 14th Amendment and Mississippi statutory law.

32.    Breach of the covenant of good faith and fair dealing falls under the purview of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1 et seq. Notice of Claim was properly and

**ORIGINAL COMPLAINT**                    7

timely served on the Vicksburg Warren School District, a political subdivision of the State within the meaning of Miss. Code Ann. §11-46-1(1). Thereafter, suit was filed timely within the meaning of Miss. Code Ann. §11-46-11(3)(b).

## CONCLUSION

The Board's decision to terminate Dr. Nelson was unwarranted in the instant matter, as here, due process has not been provided, and there has been no competent evidence of any violation of Dr. Nelson according to any articulated standard of proof. For the reasons outlined above and for other reasons to be assigned upon hearing of this cause, District's termination of Dr. Nelson was erroneous as a matter of law and should be reversed and rendered unconstitutional.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Dr. Earl Joe Nelson, prays that this Honorable Court:

1. Reverse the decision to terminate Dr. Nelson as Superintendent and reinstate him effective immediately with backpay;

2. In the alternative, payout the entire balance of his three-year contract in one lump sum payment to include interest;

3. Expunge the termination from his personnel records;

4. Award reasonable attorney's fees and costs; and

5. Provide such further or other relief as may be appropriate under the circumstances.

Respectfully submitted this 23rd day of January 2023.

**DR. EARL JOE NELSON, PLAINTIFF**

Respectfully submitted,

**ORIGINAL COMPLAINT** 8

By:     */s/ Keith B. French*
        Keith B. French
        Bar No. 104628
        kfrench@peoplefirstfirm.com

        **Keith B. French Law, PLLC**
        401 E. Capitol St., Suite 515
        Jackson, MS 39201
        Tel: 601-376-9306
        Fax: 832-243-1927

        -AND-

        /s/Julian D. Miller
        **JULIAN D. MILLER, MSB# 104377**
        **ATTORNEY-AT-LAW**
        106 East Finn Street
        Canton, MS 39046
        (662) 402-8249
        juliandmiller@gmail.com

        **ATTORNEYS FOR PETITIONER**

**ORIGINAL COMPLAINT**          9