**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DR. EARL JOE NELSON,**
    *Plaintiff*,

    v.                                    **CIVIL ACTION NO. 4:23-cv-00023-MPM-DAS**

**CLARKSDALE MUNICIPAL PUBLIC
SCHOOL DISTRICT,**
    *Defendant*.

**PLAINTIFF'S RESPONSE IN OPPOSITON TO MOTION TO DISMISS**

Dr. Earl Joe Nelson ("Plaintiff"), by and through undersigned counsel, files this response in opposition to Defendant Clarksdale Municipal Public School District's ("Defendant") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion" or "MTD"). For the reasons below, Defendant's Motion to Dismiss should be denied.

**I.     INTRODUCTION**

Dr. Nelson filed his complaint on January 31, 2023, against Defendant for violating his procedural and substantive due process rights under the 14th Amendment to the United States Constitution, 42 U.S.C. §1983, Art. 3, §14 of the Mississippi Constitution, and the laws of the State of Mississippi. Docket No. 1. Dr. Nelson further alleged, *inter alia*, that his termination breached his contract with Defendant and violated the covenant of good faith and fair dealing. *Id*.

Defendant filed an answer on March 9, 2023. Docket No. 4. On May 12, 2023, Defendant filed its Motion, Docket No. 11, two months later, and, therefore, the Motion should be denied as untimely. *See* Fed. R. Civ. P. 12(b); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) ("Because a rule 12(b) motion must be filed before responsive pleadings, the appellees' motion was untimely.").

Even if Defendant timely filed its Motion, the Motion should be denied in its entirety. Defendant argues in its Motion that the complaint should be dismissed because: (1) the Chancery Court has proper jurisdiction over Dr. Nelson's claims under Miss. Code Ann. § 37–9–113; (2) Dr. Nelson's post-termination hearing afforded him due process consistent with Miss. Code Ann. § 37–9–59; and (3) Dr. Nelson's state law claims of breach of covenant of good faith and fair dealing did not comport with Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §11-46-1 *et seq*.

Defendant mischaracterizes Dr. Nelson's Complaint as an appeal of the Board's May 6, 2022 decision to uphold his termination from his employment. Defendant posits that state law procedure governs that the chancery court is the proper and only court to bring such an appeal. Defendant is wrong. Plaintiff's Complaint is not an appeal of the post-termination hearing. The Complaint has been filed under Section 1983 over which federal courts have jurisdiction.

Moreover, Defendant boldly claims that the Complaint is self-destructive since it admits Dr. Nelson participated in a post-termination hearing. The crux of this case, however, is whether Dr. Nelson was terminated from his employment without receiving a *pre-termination hearing* AND a proper post-termination hearing. The Supreme Court has long settled that the need for a pre-termination hearing is an essential principle to the Due Process Clause. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

The error made by the school board was the amount of process due, which is determined by federal law, not state law; and state law cannot be used to curtail the process which is due under federal law. This was established over thirty-five (35) years ago in *Loudermill*. In light of *Loudermill* and its voluminous progeny over the last thirty-five (35) years, it was arbitrary and capricious and reckless to disregard this established body of law and terminate Dr. Nelson's

contract without affording any pre-deprivation due process remedy. It must follow that Plaintiff's breach of contract claim should not be dismissed, because Dr. Nelson was not afforded proper due process as guaranteed under his employment contract with Defendant.

## II. LAW AND ARGUMENT

Although Defendant does not properly style its Motion as a challenge to the Court's subject matter jurisdiction, its argument that Dr. Nelson failed to comply with Miss. Code Ann. § 37–9–113 and seek judicial review in the chancery court amounts to an attack on this Court's power to hear Dr. Nelson's claims. *See* Docket No. 12 at 6-8. As explained below, Defendant's argument is unsupported by law.

### A. Rule 12(b)(1)

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. According to the Fifth Circuit:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted).

#### 1. This Court has subject matter jurisdiction to hear the Complaint.

Defendant argues that the Court lacks jurisdiction to hear Plaintiff's claims, because Dr. Nelson failed to comply with Mississippi Code § 37–9–113 and pursue his claims in the Coahoma County Chancery Court. *See* Docket No. 12 at 7-9. But "[t]he Supreme Court has held that the exhaustion of available state administrative remedies is not a prerequisite to commencement of an action in federal court under § 1983." *Brantley v. Surles*, 718 F.2d 1354,

**Resp. to Mot. to Dismiss**  3

1360 (5th Cir. 1983) (citing *Patsy v. Bd. of Regents of the State of Florida,* 457 U.S. 496, (1982)); *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 244 (5th Cir. 2018). In *Brantley*, the Fifth Circuit therefore flatly rejected the argument that a Mississippi state statute governing educational due process for public school officials and educators precludes a judicial remedy in federal court. *Id*. That is precisely the argument that Defendant makes in its Motion, however.

In the case *sub judice*, Dr. Nelson has indeed filed a state court action under Miss. Code Ann. § 37–9–113. Additionally, this suit was filed under § 1983 for violating Dr. Nelson's constitutional due process rights under the 14th Amendment. Since the Complaint states claims under Section 1983, "the federal remedy under [Section] 1983 is available regardless of the availability of an adequate remedy under state law." *Id*. at 1358. (citing *Monroe v. Pape*, 365 U.S. 167 (1961)). Therefore, Defendant's argument that this Court lacks subject matter jurisdiction to hear Dr. Nelson's claims should be denied.

B. Rule 12(b)(6)

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 Fed. Appx. 371, 373 (5th Cir. 2012) (citation omitted). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216–17 (5th Cir. 2014) (per curiam) (citation omitted).

"[A Plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Phillips v. City of Dallas, Tex.,* 781 F.3d 772, 775–76 (5th Cir. 2015) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morelia*, 522 Fed. Appx. 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (quotation marks omitted)).

As the basis for its 12(b)(6) motion, Defendant asserts that Dr. Nelson was afforded due process because he had a post-termination hearing consistent with Miss. Code Ann. § 37-9-113 (4); that, because he was provided a post-termination hearing, his contract could not have been breached; and, finally, that the breach of the covenant of good faith and fair dealing claim cannot be sustained because he did not serve Defendant with a Notice of Claim letter as required under the MTCA . With the exception of the latter argument, these contentions are invalid as explained below.[1]

> 1. **The Board's decision to terminate Dr. Nelson without a pre-termination hearing violated his due process rights under the 14th Amendment and Art. 3, §14 to the Mississippi Constitution.**

Defendant grossly inflates its position that because Dr. Nelson had a hearing on his termination pursuant to state statute, he was afforded all the due process owed under the law. This lawsuit is not about whether Dr. Nelson received any hearing, however. The Complaint specifically states that Dr. Nelson was deprived of his *pre-deprivation due process* before his contract was terminated. That is, Dr. Nelson did not receive a pre-termination hearing. Defendant's Motion misconceives this constitutional guarantee.

"The first inquiry in every due process challenge is whether the Plaintiff has been deprived of a [constitutionally] protected interest in 'property' or 'liberty.'" *American Mfrs. Mut.*

---

[1] Plaintiff acknowledges that he did not provide notice of his claim for breach of the covenant of good faith and fair dealing as required under Miss. Code Ann. § 11–46–11(2).

**Resp. to Mot. to Dismiss** 5

*Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). Protected property interests derive "from an independent source such as state law, a contract, or other 'understandings.'" *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (quoting *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988)).

Based on his renewal contract whose term ran through June 30, 2024, it cannot be disputed that Dr. Nelson had a property interest in his employment. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1530 (5th Cir. 1993) ("[A] teacher employed under the terms of a fixed term contract as defined by [state law] has a constitutionally protected property interest in employment until the term of the contract has expired."). Dr. Nelson's property interest in the contract was in force at the time he was terminated. Before he, as a public employee with a protected contractual property interest, could be terminated, he must have been given a pre-deprivation due process hearing.

In reaching its conclusions in the MTD, Defendant ignores and misinterprets the ruling in *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 244 (5th Cir. 2018). *Greene* is highly instructive and deals with similar facts and issues as this case: Plaintiff Montrell Greene, a former Superintendent of Greenwood Public School District in Greenwood, Mississippi, filed claims against the school district and board members who voted to terminate him alleging, among other things, that the Board terminated him without providing him a pre-termination hearing in violation of his 14th Amendment due process rights. *Id.* at 242. The defendants moved to dismiss for failure to state a claim arguing that Greene improperly filed his suit in federal court instead of chancery court in violation of the state statutory scheme. *Id*. The defendants further argued that the statutory scheme prohibited relief for the defendants' failure to provide a pre-termination hearing. *Id*.

**Resp. to Mot. to Dismiss** 6

The Fifth Circuit held that Greene's failure to appeal in chancery court was irrelevant to his pre-termination claim under the facts of the complaint. *Id.* at 243 The Court ruled Greene's claim that he did not receive a pre-termination hearing "adequately stated a procedural due process claim." *Id.* The Court established, "at a minimum . . . an employee facing termination must be given 'notice and an opportunity to respond' *before* the termination takes effect." *Id.* at 242 (emphasis in original) (quoting *Loudermill*, 470 U.S. at 546). Finally, the Court firmly reinforced that the right to a pre-deprivation hearing is a constitutional guarantee under procedural due process:

> Even if Mississippi law did prohibit Defendants from giving Greene a pre-termination hearing, that would have no effect on the viability of his procedural due process claim. The Fourteenth Amendment required Defendants to afford Greene a pre-termination hearing; a state law prohibiting such a hearing would not diminish Greene's rights under federal law. In fact, such a law would indicate that "the deprivation was authorized by the state, thereby implicat[ing] the Due Process Clause even more strongly.

*Id*. at 244 (internal citation and quotation marks omitted).

Because Greene alleged that he possessed a vested contract interest and that the defendants did not give him a hearing before terminating him—that is, depriving him of that interest—, he had stated a valid procedural due process claim. *Id*. These are precisely the allegations Dr. Nelson makes in the Complaint:

> Specifically, the Board's actions violated his due process rights by failing to provide Plaintiff a pre-termination hearing where he could present a defense to the Board before he was terminated. Due process in the context of public employment requires that the employee facing termination must be given '*notice and an opportunity to respond*' before the termination takes effect.

Docket No. 1 at ¶12 (emphasis added)).

**Resp. to Mot. to Dismiss** 7

In this case, Dr. Nelson, a superintendent with a continued interest in his employment, had, at a minimum, the following Fourteenth Amendment Pre-Deprivation Procedural Due Process rights before being deprived of his continued employment interest:

> (a) to be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist;
>
> (b) to be advised of the names and the nature of the testimony of witnesses against him; and,
>
> (c) at a reasonable time after such advice, he be accorded a meaningful opportunity to be heard in her own defense.

*Parks v. Terrebonne Par. Consol. Gov't*, 759 F. App'x 220, 224 (5th Cir. 2019) (explaining that pre-termination due process requires notice, an explanation of the employer's evidence, and an opportunity to present his side of the story). These procedures were not provided to him, and the post-termination hearing does not moot his claim. *See Chiles v. Morgan*, 53 F.3d 1281, 1995 WL 295931, at *1–2 (5th Cir. 1995) ("postdeprivation remedies do not affect his entitlement to pre-deprivation process.").

When published rules and regulations establish a particular statutory procedure for the termination of a superintendent's employment, they may add to the constitutional minimum. *Id*. (holding that both pre-termination and post-termination hearings are required to satisfy due process); *see also Loudermill*, 470 at 541 ("'the root requirement' of the Due Process Clause [is] 'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.'" (citation omitted)). Further, the Supreme Court has found that a post-termination hearing absolved the strong need for a pre-termination in rare circumstances. *Id*. *See also Greene*, *supra*, at 243 (In "rare and extraordinary situations . . . deprivation of a protected interest need not be preceded by opportunity for some kind of hearing, and a postdeprivation hearing will satisfy due process requirements. This case does not present such a situation."

**Resp. to Mot. to Dismiss**                           8

(internal citation and quotation marks omitted)). Defendant has not shown how this case qualifies as one of those few instances.

If state regulations establish procedures for termination, such regulations must also be followed. Procedural rights were provided to Dr. Nelson in Miss Code Ann. Rules §37-9-111, adopted by reference in the educator disciplinary statute, Miss. Code Ann. §37-9-59. But the Complaint alleges that these procedures were also defective. The Complaint specifically alleges:

> On August 18, 2022, Dr. Nelson had his hearing before the School Board. However, the hearing was not formalized as required by statute, as no evidence was exchanged, or witnesses presented.

Docket No. 1 at ¶9. Whether or not these allegations are true would be inappropriate to decide at this stage of litigation.

### 2. Defendant's decision to terminate Dr. Nelson without a pre-termination hearing breached his employment contract.

It is undisputed that Dr. Nelson had a contract with the School District at the time he was terminated. The complaint alleges that the School District violated that contract when it terminated Dr. Nelson's employment without affording him a pre-deprivation due process hearing. Defendant argues that because Plaintiff was afforded his due process rights, and because he was not entitled to a pre-deprivation hearing, his breach of contract claim must fail. As explained above, Defendant's argument is flawed and inconsistent with the Supreme Court's long-standing interpretation of the Due Process Clause's constitutional protections. Due process required that Dr. Nelson was entitled to an adequate pre-termination hearing and post-termination hearing.

Every educator's contract has a provision in it which provides: "This contract shall be subject to all applicable policies, resolutions, rules and regulations of the employer, the Mississippi Educator Code of Ethics and Standard of Conduct adopted by the state Board of

**Resp. to Mot. to Dismiss**                            9

Education and the laws." Miss. Dept. Of Education Regulations, CMSR07-000-003, Chap. 24, Rule 24.1. The post-termination hearing, which Defendant argues, was required under Mississippi law. But those procedures were inadequately followed by the District.

> Thus, to the extent Defendant violated rights afforded by the 14th Amendment and Mississippi statutory laws, it also violated the contract between the parties. To the extent these rights are mandatory by the District, they must also become part of the rights protected by the Due Process Clause of the 14th Amendment.

Docket No. 1 at ¶7.

## **CONCLUSION**

Pursuant to the foregoing arguments, Plaintiff Dr. Earl Joe Nelson respectfully requests that this Court deny Defendant's Motion to Dismiss.

Date: June 2, 2023                                   Respectfully submitted,

By: /s/ Keith B. French
KEITH B. FRENCH LAW, PLLC
MS Bar No. 24115073

40e E. Capitol St., Suite 515
Jackson, MS 39201
(832) 243-6153
(832) 243-1927 – Facsimile

    -AND-

/s/Julian D. Miller
JULIAN D. MILLER, MSB# 104377
ATTORNEY-AT-LAW
106 East Finn Street
Canton, MS 39046
(662) 402-8249
juliandmiller@gmail.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon counsel via electronic filing.

  **DATED** this 2nd day of June, 2023.

                   */s/ Keith B. French*
                   Keith B. French