**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DR. EARL JOE NELSON** **PLAINTIFF**

**V.** **CASE NO. 4:23CV23-MPM-DAS**

**CLARKSDALE MUNICIPAL PUBLIC SCHOOL DISTRICT** **DEFENDANT**

**ORDER**

This cause comes before the court on the motion of defendant Clarksdale Municipal Public School District ("the school district") to dismiss this action pursuant to Fed. R. Civ. P. 12. Plaintiff Earl Joe Nelson has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is, *inter alia*, a § 1983 procedural due process case arising out of the school district's May 2022 decision to dismiss plaintiff as its Superintendent of Schools. Plaintiff was employed pursuant to a contract extension which provided that the District's Board could remove him as Superintendent based on "gross negligence, malfeasance in office, commission of a crime involving moral turpitude, or other good cause as provided for under the provisions of Section 37-9-59 of the Mississippi Code of 1972." *Id.* at p. 3. Following a unanimous vote to terminate plaintiff at a special school board meeting held on May 5, 2022, a termination letter dated May 6, 2022 was hand-delivered to Plaintiff on May 9, 2022. [Ex. A]. The May 6 correspondence included the reasons for Plaintiff's termination and advised him of his right to request a hearing and his right to legal representation at the hearing. *Id.*

The May 6 letter advised plaintiff that he was being terminated for:

> failure to adhere to District budgetary constraints by continually hiring additional administrative and central office staff; (2) failure to provide proper administrative

> oversight of District finances and reports; (3) providing poor or false information to the Board regarding finances and purpose of school restructuring; (4) failure to properly staff schools to ensure students are not left unattended and to ensure that student received proper instruction; and (5) insubordination for failure to receive board approval for the reassignment of teachers regarding proposed restructuring plan and failure to timely forward mail to board regarding statute concerning collaborative that would impact proposed restructuring of the District.

*Id.*

In describing the procedural steps which followed, defendant writes in its brief that:

> Pursuant to Miss. Code Ann. § 37-9-59, Plaintiff had five (5) calendar days from May 9, 2022 to request an administrative due process hearing appealing his termination, and Plaintiff timely requested a hearing on May 12, 2022. Ex. B. The hearing was ultimately held on August 18, 2022 before the District's Board of Trustees. Plaintiff's counsel presented Dr. Nelson's employment contract and a "Petition for Appeal of Termination of Superintendent Dr. Earl Joe Nelson" for the Board's consideration. Plaintiff's counsel also presented on Plaintiff's behalf. The oral presentation aligned with the arguments and requested relief detailed in the Petition for Appeal. Dr. Nelson chose to call no witnesses. One of the District's attorneys made a statement on behalf of the Board. After considering all documents presented, the Board unanimously voted to deny all requested relief and to uphold Plaintiff's termination for the reasons set forth in its May 6, 2022 letter. A written correspondence dated August 18, 2022 was provided to Plaintiff detailing the Board's decision to uphold his termination after the hearing. Ex. C, (also [Doc. 1-3]).
>
> On September 6, 2022, Dr. Nelson filed an appeal petition in the Chancery Court of Coahoma County, Mississippi alleging lack of due process, that the Board's decision was arbitrary and capricious and not supported by any evidence, and a breach of contract claim. *See* Ex. D. A $500 appeal bond was also submitted. *Id.* However, the State Court Appeal Petition was never properly served, and Plaintiff has taken no action to prosecute his appeal in state court. Almost five months later, on January 31, 2023, Plaintiff filed this action, alleging the District violated his 1) Fourteenth Amendment substantive and procedural due process rights under 42 U.S.C. § 1983, 2) due process rights under the Mississippi Constitution, and 3) due process rights for failure to provide a pre-termination hearing, as well as claims for breach of contract and breach of the covenant of good faith and fair dealing. *See* [Doc. 1].

[Brief at 2-3].

In addressing defendant's Rule 12(b)(6) motion to dismiss plaintiff's claims, this court notes at the outset that it must limit its inquiry to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. App'x. 215,

216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 Fed. App'x. 372 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555, 570 (2007)).

Based on this standard, this court initially finds that plaintiff's state law tort claim for breach of the duty of good faith and fair dealing is procedurally improper, inasmuch as he has offered no arguments in opposition to defendant's contention that he was required to file a Notice of Claim under the Mississippi Tort Claims Act to prosecute this claim and that he failed to do so. This state law claim will therefore be dismissed. However, it seems clear that the heart of plaintiff's lawsuit is his federal procedural due process claim, and, in seeking dismissal of that claim, defendant writes in its brief that:

> Here, Plaintiff received both procedural and substantive due process in accordance with Mississippi law. He received notice of the reasons he was being dismissed and advised he could request a hearing and his compensation would continue until the hearing date, if he chose to have a hearing. Ex. A. The termination letter detailing same was hand-delivered to Plaintiff on May 9, 2022. *Id.* The correspondence provided him with notice of his termination, included the reasons, and advised Plaintiff of his right to request a hearing and his right to legal representation at same. *Id.* Plaintiff requested a hearing, and it was held on August 18, 2022 before the District's Board of Trustees. Exs. C, D. The Fifth Circuit has reiterated that "an individual cannot claim to have been unconstitutionally denied pre-deprivation process if he purposely chose not to utilize constitutionally-adequate pre-deprivation procedures that were readily available to him." *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 243 (5th Cir. 2018). Thus, Plaintiff's own reliance on *Greene* in his Complaint is distinguishable as Plaintiff was given and did utilize the hearing process afforded to him under Mississippi law.

[Brief at 6].

In opposing the motion to dismiss, plaintiff argues that:

> The crux of this case … is whether Dr. Nelson was terminated from his employment without receiving a pre-termination hearing AND a proper post-termination hearing. The Supreme Court has long settled that the need for a pre-termination hearing is an essential principle to the Due Process Clause. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). The error made by the school board was the amount of process due, which is determined by federal law, not state law; and state law cannot be used to curtail the process which is due under federal law. This was established over thirty-five (35) years ago in *Loudermill*. In light of *Loudermill* and its voluminous progeny over the last thirty-five (35) years, it was arbitrary and capricious and reckless to disregard this established body of law and terminate Dr. Nelson's contract without affording any pre-deprivation due process remedy. It must follow that Plaintiff's breach of contract claim should not be dismissed, because Dr. Nelson was not afforded proper due process as guaranteed under his employment contract with Defendant.

[Brief at 2-3].

In its reply brief, defendant responds that:

> Regarding his procedural due process and breach of contract claims, Plaintiff still fails to appreciate that the hearing he received in May 2022, *before* his termination was final, operated as a pre-termination hearing that comports with due process; and his contract claim is improperly duplicative of his due process claim. . . . First, Plaintiff reiterates the allegations in his Complaint that the hearing "was not formalized as required by statute, as no evidence was exchanged, or witnesses presented" and that "whether or not these allegations are true would be inappropriate to decide at this stage of litigation." [Doc. 13] at p. 9. This is false. The hearing that was conducted was the Plaintiff's chance to exchange evidence or present witnesses as he requested to be heard. To the extent he is arguing the District had a duty to make his case for him, he is mistaken. Plaintiff bore the risk in failing to call a witness or exchange evidence with the District. Again, "the pre-termination hearing, though necessary, need not be elaborate." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985). After Plaintiff presented his side, to whatever extent he chose to, the District argued its position, and ultimately, the Board finalized Plaintiff's termination for the reasons set forth in its initial May 6, 2022 letter. The Court can ascertain these facts from the Complaint and the documents attached to the pleadings. Thus, a motion to dismiss is appropriate at this stage.

[Reply brief at 1-2].

After considering the parties' arguments, this court agrees with plaintiff's assertion that, regardless of what due process protections state law may have provided in this context, the

relevant issue in addressing his § 1983 claim is whether those protections comported with the requirements of *federal* law, including the U.S. Supreme Court's decision in *Loudermill*. Defendant appears to concede this point in its reply brief, inasmuch as it substantively responds to plaintiff's arguments that the due process provided in this case was consistent with *Loudermill*'s requirements. Thus, it seems undisputed that the fact that defendant may have provided plaintiff with the due process required by state statutes is not necessarily dispositive of plaintiff's § 1983 claim, though it does strike this court as significant.

While this court may (or may not) ultimately agree with defendant that the due process provided in this case comported with the requirements of *Loudermill*, it disagrees with its assertion that a Rule 12 motion to dismiss is the proper context in which to decide this matter. In so stating, this court emphasizes that, while it may be able to cobble together a rough understanding of the nature of the proceedings below based solely upon the pleadings and attachments to it, it will be in a much better position to decide these issues if both sides are able to supplement the pleadings with evidence developed during discovery. Indeed, this court is much more comfortable in deciding important constitutional issues such as the ones in this case if it is confident that both sides have been able to fully present the evidence which they believe is relevant to their claims and defenses.

This general inclination aside, this court notes that plaintiff insists in his brief that he had specific procedural due process rights which were not provided to him prior to his termination. In particular, plaintiff writes in his brief that:

> In this case, Dr. Nelson, a superintendent with a continued interest in his employment, had, at a minimum, the following Fourteenth Amendment Pre-Deprivation Procedural Due Process rights before being deprived of his continued employment interest:
> (a) to be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist;
> (b) to be advised of the names and the nature of the testimony of witnesses against

> him; and, (c) at a reasonable time after such advice, he be accorded a meaningful opportunity to be heard in her own defense. *Parks v. Terrebonne Par. Consol. Gov't,* 759 F. App'x 220, 224 (5th Cir. 2019) (explaining that pre-termination due process requires notice, an explanation of the employer's evidence, and an opportunity to present his side of the story). These procedures were not provided to him, and the post-termination hearing does not moot his claim.

[Brief at 8].

It is unclear to this court whether plaintiff will eventually be able to back up these arguments with hard evidence, but it concludes that he should be given an opportunity to develop such proof in discovery before the issues in this case are resolved. Defendant's motion to dismiss plaintiff's federal due process claims will therefore be denied, without prejudice to the arguments therein being raised in a motion for summary judgment following discovery. This court will likewise address any arguments to dismiss plaintiff's state law breach of contract claim at that time in ruling upon that summary judgment motion.

In light of the foregoing, it is ordered that defendant's motion to dismiss is granted with regard to plaintiff's state law breach of the duty of good faith and fair dealing claim, but it is otherwise denied.

This, the 12th day of February, 2024.

__/s/Michael P. Mills________________
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI