**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**EARL JOE NELSON**                                                                               **PLAINTIFF**

**v.**                                                                                    **No. 4:23-cv-23-MPM-DAS**

**CLARKSDALE MUNICIPAL**
**PUBLIC SCHOOL DISTRICT**                                                        **DEFENDANT**

**ORDER**

This matter comes before the Court on Defendant Clarksdale Municipal Public School District's Motion for Summary Judgment [34]. Plaintiff Earl Joe Nelson has responded [38], and Defendant has replied [42]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

FACTS

Earl Joe Nelson ("Mr. Nelson") was the superintendent of Clarksdale Municipal Public School District ("CMSD") from 2019 until 2022. On May 9, 2022, Mr. Nelson received a letter dated May 6 ("May 6 letter") from CMSD with the subject line, "Immediate Dismissal as Superintendent of Schools of CMSD." He was relieved of his duties, escorted from the school grounds, and an interim superintendent was appointed the next day. In accordance with the terms of the May 6 letter, Mr. Nelson requested a hearing before the school board. Although the school board originally scheduled the hearing for June 9, 2022, and Mr. Nelson was paid through that date, the hearing was moved to August 18, 2022, after a rescheduling request by Mr. Nelson. Mr. Nelson attended the hearing on August 18 with the assistance of counsel, and later that day the school board informed Mr. Nelson that it would uphold its decision to dismiss him. Shortly

1

thereafter, Mr. Nelson filed an appeal petition in the Chancery Court of Coahoma County which he apparently has not pursued further.

Mr. Nelson next filed this lawsuit against CMSD claiming the termination (1) violated his substantive and procedural due process rights under the Fourteenth Amendment, (2) violated his due process rights under the Mississippi Constitution, (3) breached his employment contract, and (4) breached the covenant of good faith and fair dealing. Mr. Nelson's claim for breach of the covenant of good faith and fair dealing has been dismissed. Before the Court now is CMSD's Motion for Summary Judgment.

The primary issue in this case is whether Mr. Nelson was afforded a pre-termination hearing as required by the Due Process Clause. Mr. Nelson contends that the hearing he received on August 18 was not a *pre*-termination hearing because at the time of the hearing he was already terminated by the May 6 letter. He argues that the language of the letter, his being escorted from the premises upon receipt of the letter, and the appointment of an interim superintendent show he was terminated upon receipt of the May 6 letter. To the contrary, CMSD contends that Mr. Nelson was afforded a pre-termination hearing because the language of the letter indicated the dismissal was not yet final and that his pay would continue through the originally scheduled date of the hearing.

The May 6 letter is not a model of clarity. The subject line reads, "Immediate Dismissal as Superintendent of Schools of CMSD." In the first paragraph, it states, "During the [May 5 special-call meeting], the CMSD Board unanimously voted to dismiss you as Superintendent…effective immediately." After listing reasons for the dismissal, the letter continues, "[T]he CMSD Board of Trustees has dismissed you, effective immediately as CMSD Superintendent. You are further relieved of all duties of that office effective immediately. Accordingly, please immediately remove

2

all your personal items from your office." This language supports Mr. Nelson's contention that he was terminated upon receipt of the letter.

The next paragraph, however, states that unless Mr. Nelson requests a hearing, his dismissal "shall become final on the date [he] received this letter." In the event Mr. Nelson does "timely request a hearing," the letter provides that his compensation "shall continue up to and including the date that the initial hearing is set by the school board." This language—indicating the dismissal is not yet final and granting the possibility of continued pay—supports CMSD's contention that Mr. Nelson was not terminated upon receipt of the letter.[1]

## STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where "the non-moving party bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). If the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

---

[1] The same attorney who authored the May 6 letter on behalf of CMSD in this case also authored the termination letter in a similar case decided four years earlier. *Greene v. Greenwood Public School Dist.*, 890 F.3d 240, 244 (5th Cir. 2018). In that case, the Fifth Circuit held that the superintendent's due process rights were violated because he was terminated before being given a hearing opportunity. *Id*. Going forward, this attorney might consider clarifying the language of his termination letters to ensure they more obviously align with clear and binding precedent.

Here, the material facts are undisputed. The parties only disagree on issues of law. As such, summary judgment is appropriate.

ANALYSIS

*I. Federal Due Process—Pretermination Hearing Requirement*

Mr. Nelson's primary argument is that he was denied due process under the Fourteenth Amendment by not being offered a hearing before he was terminated. The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const, Amend. XIV. To state a Fourteenth Amendment due process claim under § 1983, "'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Greene v. Greenwood Public Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) and *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). While both parties agree Mr. Nelson has a property interest in his employment, they disagree on the extent of that interest. CMSD argues that Mr. Nelson's property interest extends no further than the economic benefit of his position. Mr. Nelson, by arguing that he was terminated upon receipt of the May 6 letter rather than the last day he was paid, seemingly asserts that he has a property interest in the noneconomic benefits of the job.

The Fifth Circuit has held that a school superintendent does not have a constitutionally protected property interest in the noneconomic benefits of his job. *Kinsey v. Salado Ind. Sch. Dist.*, 950 F.2d 988, 997 (5th Cir. 1992). In *Kinsey*, the Court stated that the defendant "did not have a constitutionally protected property interest in the non-economic benefit of serving as superintendent," and, "an employee suffers no compensable damage from an early employment

4

termination where he has been paid his full salary for the contract year....We also find no support in the case law for [Defendant]'s claim that he is entitled to the duties and responsibilities of his employment." *Id*; *and see Royster v. Bd. of Trustees of Anderson Cnty. Sch. Dist. No. Five*, 774 F.2d 618, 621 (4th Cir. 1992) (citing *Cannon v. Beckville Independent School District*, 709 F.2d 9 (5th Cir. 1983); *and see Simmons v. Humphreys Cnty. Sch. Dist.*, 21 F.3d 1108 (5th Cir. 1994). Pursuant to *Kinsey*, "economic benefit" is equated with "salary." *Id*. Mr. Nelson's constitutionally protected property interest therefore extends no further than the pay he received from his job.

In perhaps the seminal case on due process in the public employment context, the Supreme Court stated that "the root requirement" of the Due Process Clause is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971) (emphasis in original)). Since Mr. Nelson was given an opportunity for a hearing on June 9, and since his pay continued through that date, that hearing opportunity must have been "*before* he [was] deprived of any significant property interest." *Id*. It does not matter that he was relieved of his duties or that another person was appointed as interim superintendent. The economic benefit Mr. Nelson received from his superintendent position continued past the date originally scheduled for the hearing.

It also does not matter that the hearing was eventually held on August 18 at Mr. Nelson's behest. All that is required is an "opportunity for a hearing," and, "an individual cannot claim to have been unconstitutionally denied pre-deprivation process if he purposely chose not to utilize constitutionally-adequate pre-deprivation procedures that were readily available to him." *Greene v. Greenwood Public School Dist.*, 890 F.3d 240 (5th Cir. 2018) (citing *Galloway v. Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987)). Mr. Nelson was given an opportunity for a hearing before his pay

ended. His choice to delay the hearing to a later date cannot be the basis of a due process violation. Thus, the only question remaining is whether the hearing was constitutionally adequate.

*II. Federal Due Process—Adequacy of Hearing*

Sifting through Mr. Nelson's Memorandum, this Court gleans three arguments by Mr. Nelson regarding the adequacy of his hearing. First, he argues that the hearing was not adequate because "the decision was a forgone conclusion." Second, he argues that the hearing was not adequate because the board presented no evidence against him, and he was not allowed to cross examine witnesses. Third, he argues that the hearing was not adequate because, in addition to a pre-deprivation hearing, he was guaranteed a post-deprivation hearing that he did not receive. None of these arguments prevail.

Mr. Nelson first takes issue with how, as he sees it, the board had already made its mind up by the time he received his hearing. While the Due Process Clause does require a pre-termination opportunity to respond at a hearing, *Loudermill*, 470 U.S. at 542, this hearing does not have to come before a decision is made. *Simmons v. Humphreys County School Dist.*, 21 F.3d 1108 (5th Cir. 1994) (unreported). In *Simmons*, the Fifth Circuit stated that a pre-termination hearing need not come before a school board has decided to terminate a superintendent, only before that decision is made final. *Id*. at *2; *and see Riggins v. Goodman*, 572 F.3d 1101, 1110 (10th Cir. 2009) ("[D]ue process is required not before the initial decision or recommendation to terminate is made, but instead before the termination actually occurs."). And rightfully so—requiring a school board to hold a hearing before they have tentatively made up their minds would hamstring the practical realities of the job. There are many instances where egregious conduct of an employee will cause a school board to have an unfavorable bent at the pre-termination hearing. Holding this predisposition to be a constitutional violation would make due process compliance unfeasible. So

long as the hearing is held before the decision is final, it comports with due process. *Id*. Here, the May 6 letter indicated that if Mr. Nelson were to request a hearing, the decision would not be final until after the hearing. Other than his assertion that the hearing was "a forgone conclusion," Mr. Nelson provides no facts suggesting this was so. As such, this argument fails.

Mr. Nelson next claims that the hearing was inadequate because the board presented no evidence against him, and he was not allowed to call or cross examine witnesses. This argument and the authority he cites in support of it are unavailing. The Fifth Circuit has held, "In the pre-deprivation context, all that federal due process requires is 'notice and an opportunity to respond.'" *Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016) (citing *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996)); *and see Vermilion Parish Bus Drivers and Operators Ass'n v. Vermilion Parish School Bd*, 21 F.3d 1109 at *4 (5th Cir. 1993) (unpublished) ("This circuit has specifically held that due process requires only that the public employee be provided notice and an opportunity to be heard prior to his discharge… In *Browning v. City of Odessa, Texas*, 990 F.2d 842, 844 (5th Cir. 1993), this court found that a short meeting lasting less than thirty minutes wherein the employee simply explained his side of the story was sufficient for due process purposes."). Mr. Nelson received both requirements: (1) notice of the charges and evidence against him through the May 6 letter and (2) an opportunity to respond at the hearing held on August 18. These procedures satisfied the pre-termination due process requirements.

Finally, Mr. Nelson claims due process requires he receive an opportunity for both pre- and post-termination hearings, and that he did not receive a proper post-termination hearing.[2] Although the Court was unable to find support for this purported dual-hearing requirement in the authority

---

[2] Nelson primarily focuses on how the August 18 hearing was not a proper post-termination hearing. Since we have already decided that the August 18 hearing was a pre-termination hearing, we will not address the adequacy of that hearing in the post-termination context.

cited by Mr. Nelson, the Fifth Circuit has suggested that in certain situations, both pre- and post-termination hearings may be required. *Schaper v. City of Huntsville*, 813 F.2d 709, 716 (5th Cir. 1987). In *Schaper*, the Fifth Circuit held that "in the event of minimal pretermination safeguards, the substantial private interest one has in not being deprived of his livelihood requires a full hearing after termination." *Id*. (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985)). In that case, however, the Court went on to find that since there was a "provision granting the right to appeal [the plaintiff's] termination," due process was satisfied as to the post-termination hearing requirement. *Id*. It did not matter that the plaintiff chose not to utilize the appeal provision. *Id*. Similarly, there is an appeal provision in this case. Mississippi Code § 37-9-59 states, "From the decision made at said hearing, any licensed employee shall be allowed an appeal to the chancery court in the same manner as appeals are authorized in Section 37-9-113." Indeed, Mr. Nelson utilized this provision when appealing the board's decision to chancery court—although he has apparently chosen not to pursue his appeal any further. Thus, even if the pre-termination safeguards in this case were so minimal as to require a post-termination hearing, Mr. Nelson had the opportunity for such a hearing and his due process rights were not violated on that basis.

*III. Due Process—State*

Mr. Nelson also claims in his Complaint that his termination "violated his due process rights under the Mississippi Constitution." Mirroring the U.S. Constitution, the Due Process Clause of the Mississippi Constitution states, "No person shall be deprived of life, liberty, or property except by due process of law." Miss. Const. Art. 3, § 26 (1890). The Mississippi Supreme Court has stated that "similar sections of the United States Constitution and the Mississippi Constitution ought to be construed similarly." *McCrory v. State*, 342 So.2d 897, 900 (Miss. 1977) ("[T]he imposition of two different standards would introduce unnecessary confusion among

lawyers, judges, and law enforcement officers throughout the state."). Mr. Nelson cites no authority—and this Court can find none—interpreting the Due Process Clause of the Mississippi Constitution as providing protections additional to those guaranteed by the U.S. Constitution. Thus, Mr. Nelson's state due process claim fails as well.

## IV. Breach of Contract

Mr. Nelson's final claim is breach of his employment contract. In his Complaint, Mr. Nelson points out that his employment contract incorporates Mississippi law before stating, "Thus, to the extent Defendant violated rights afforded by the 14th Amendment and Mississippi statutory laws, it also violated the contract between the parties." Mr. Nelson makes no other claims regarding breach of contract in his Complaint. From this, it appears that Mr. Nelson's breach of contract claim goes no further than the due process claims addressed above. Therefore, for the same reasons his due process claims fail, Mr. Nelson's breach of contract claim also fails.

## V. Mississippi Statute

It might be helpful to school boards to consider Fifth Circuit binding precedent regarding superintendents' rights to notice of a hearing before relying on state law in termination letters. In the May 6 letter, CMSD tells Mr. Nelson, "Under [Miss. Code Ann. § 37-9-59], you are not entitled to a hearing on the charges made against you." (Miss. Code Ann. § 37-9-59 claims, "[A] school superintendent whose employment has been terminated under this section shall not have the right to request a hearing before the school board or a hearing officer…") While technically correct, this statement is misleading because, rather than apprising Mr. Nelson of his constitutional right to a hearing, the letter implies that he has no right to a hearing whatsoever.

9

School superintendents have a protected property interest in their employment and are constitutionally guaranteed the opportunity for a hearing before this property interest is abrogated. *Greene v. Greenwood Public Sch. Dist.*, 890 F.3d 240, 243 (5th Cir. 2018); *Loudermill*, 470 U.S. at 542. To the extent Mississippi law attempts to limit this guarantee, it is unconstitutional. *Cf. Greene*, 890 F.3d at 244 (citing *Loudermill*, 470 U.S. at 541) ("The Fourteenth Amendment required Defendants to afford [the superintendent] a pre-termination hearing; a state law prohibiting such a hearing would not diminish Greene's rights under federal law."). Therefore, despite the inartfully drafted letter, the school board was obligated to provide the superintendent a hearing—even though state law says otherwise. And such a hearing was given.

CONCLUSION

**ACCORDINGLY**, Defendant Clarksdale Municipal Public School District's Motion for Summary Judgment [34] is **GRANTED.**

**SO ORDERED** this the 1st day of October, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI